UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KRAEMER, on behalf of Emilie Kraemer,<br><br>Plaintiff,<br><br>v.<br><br>THE COMMONWEALTH OF PENNSYLVANIA, et al.,<br><br>Defendants. | Civil Action No. 2:10-4868<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Defendants' motions to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and various motions by Plaintiff for injunctive and other relief. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motions are **GRANTED** and Plaintiff's outstanding motions are **DENIED** as moot.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Thomas Kraemer, appearing *pro se*, initiated this action on behalf of his adult daughter, Emilie Kraemer, by filing a complaint on September 21, 2010. (Docket Entry No. 1.) After Defendants filed motions to dismiss Plaintiff's initial complaint,

Plaintiff filed an Amended Complaint, without leave of court or consent of defendants, on December 14, 2010. (Docket Entry No. 59.) Plaintiff's Amended Complaint names approximately 46 different Defendants, including federal and state judges,[1] school district employees, Emilie's current and former court-appointed guardians, private lawyers, entities involved in managing Emilie's educational trust, and even Emilie's mother, step-father and grandfather.

The issues in this case all started on or around August 11, 2006, when Plaintiff, individually and on behalf of his then-17-year-old daughter Emilie, filed suit against the Easton Area School District under IDEA. (Civil Action No. 06-3492). Through this Complaint (the "2006 Complaint"), Plaintiff sought enforcement of an order issued by the Special Education Appeals Panel, and brought additional claims of discrimination against the District. In October 2007, the dispute was settled, and Plaintiff and the School District entered into a settlement agreement (the "2007 Settlement") establishing an educational trust for Emilie. The Court also appointed an educational guardian for Emilie who also served as trustee of the Educational Trust.

Over two years have gone by since then, and it seems Mr. Kraemer is not happy with how his now-21 year old daughter's life is being handled. He believes that though, he claims, Emilie was originally diagnosed as having Asperger's Syndrome, a conspiracy made up of some of the defendants changed her diagnosis to mental retardation in order

---

[1] Since Eastern District of Pennsylvania judges are included among the defendants named by Plaintiff, the case has been assigned to this Judge, from the District of New Jersey, in order to avoid any conflict.

to funnel money to private organizations that specialize in the treatment of such individuals. (Am. Compl. ¶¶ 74-86). He also believes, based on his reading of certain tax forms, that the Educational Trust set up for Emilie has been completely depleted. Finally, he points to signs of suspected abuse of Emilie, from 1995 through 2007, that he feels have been ignored.

Emilie has had multiple court-appointed guardians, has been seen by multiple doctors, has attended programs for special needs, but regardless of all of this, Mr. Kraemer feels as if all involved are attempting to undermine Emilie's best interests. Essentially, he is suing everyone involved with the original 2006 Complaint and 2007 Settlement, everyone involved with Emilie's educational development, everyone involved with the handling of Emilie's Educational Trust, and any and all guardians, lawyers and judges who have been involved in the process. Defendants have filed the instant 18 motions to dismiss Plaintiff's Amended Complaint.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.[2] The moving party bears the burden of showing that no claim has been stated, *Hedges v.*

---

[2] Some Defendants have also moved to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The applicable standard of review for a motion to dismiss pursuant to Rule 12(b)(1) is "similar to the standard governing a Rule 12(b)(6) motion." *New Jersey Mfrs. Ins. Co. v. U.S.*, Civ. No. 07-2653, 2008 WL 2168006, at *1 (D.N.J. May 22, 2008). As such, the same standard of review will be applied.

*United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true,[3] the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility...." *Iqbal*, 129 S.Ct. at 1949 (2009).

In determining the sufficiency of the complaint filed by a *pro se* Plaintiff, courts must be mindful to construe it liberally in favor of the plaintiff, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Courts must therefore "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). However, a *pro se* litigant's

---

[3] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

complaint must still comply with the pleading standards set forth in Federal Rule of Civil Procedure 8(a)(2), which requires that allegations in a complaint set out a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2); *Erickson*, 551 U.S. at 93-94. Notwithstanding the liberal construction of *pro se* complaints, a court need not accept legal conclusions disguised as statements of fact, unsupported conclusions or unwarranted references, regardless of the status of the plaintiff. *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Okpor v. Kennedy Health System*, Civ. No. 10-1012, 2010 WL 3522784, at *2 (D.N.J. Sept. 2, 2010). Thus, a *pro se* litigant cannot rely on bald assertions or legal conclusions to survive a motion to dismiss. *Morse*, 132 F.3d at 906.

### III. DISCUSSION

Plaintiff's Amended Complaint is essentially "a rambling narrative addressing various concerns of Plaintiff for his daughter's education and well-being." (Defendant Kapo's Moving Br. at 5.) As far as the Court can tell, Plaintiff attempts to state the following claims: (1) misappropriation and conversion of the Educational Trust funds by the Trust and the trustee; (2) breach of fiduciary duty by failing to use the trust funds to provide better education for Emilie and to affirmatively protect Emilie from abuse and bullying at her former school; (3) a "conflict of interest"-based claim in connection with the initial federal lawsuit, settlement, and continued decisions made for Emilie and how

to use her Educational Trust; (4) failure by school officials to report suspected abuse to the proper authorities under 23 Pa.C.S.A. §§ 6311 and 6313; (5) "willful mischaracterization" of symptoms of suspected abuse as behavioral issues and signs of mental retardation; and (6) Section 1983 and 1985 claims due to Defendants' "unconstitutional policies" that promote "abuse; the cover-up of abuse; fraud; misconduct; and other criminal acts." (Amended Compl. ¶ 88.)

Defendants raise the following issues, among others,[4] with Plaintiff's Amended Complaint: (1) Plaintiff lacks standing, and/or Plaintiff cannot bring this action *pro se* "on behalf of" his daughter; (2) State Defendants are immune under the Eleventh Amendment; (3) judicial immunity applies for some Defendants; (4) Plaintiff waived claims against the Easton Area School District Defendants in the 2007 Settlement Agreement; (5) failure to state a Section 1983 or 1985 claim; (6) lack of subject matter jurisdiction over the remaining state law claims once the Section 1983 and 1985 claims are dismissed; and (7) failure of the remaining state law claims to actually state a claim. The Court will address each of these arguments in turn.

### A. Standing and Bringing an Action *Pro Se* on Behalf of Another

Defendants argue, in various ways, that Mr. Kraemer is not the proper party to be bringing this lawsuit. First, some Defendants argue Plaintiff lacks standing entirely, since he himself has not been injured. Second, some Defendants argue that Plaintiff's

---

[4] The Court notes that Defendants raise various other arguments not listed here, many with potential merit. However, the Court need not address these additional arguments, as, for the reasons stated in this Opinion, the Court was able to reach a decision without ruling on these

daughter is the real party in interest, and that therefore under Rule 17(a) she must be substituted as the proper party in order for the case to continue. Finally, some Defendants interpret Plaintiff's pleading as an attempt to improperly represent Emilie's interest *pro se*, in place of counsel, and that therefore the Amended Complaint must be dismissed.

First, the Court agrees with Defendants that Plaintiff's daughter, Emilie, is the real party in interest here. Rule 17(a) requires that an action be "prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). This requirement is not an element of the "case or controversy" constitutional requirement, and thus does not dispose of jurisdiction, but it still requires that the action be brought by the person who is entitled to enforce the right(s) at issue. *See* 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1542 (distinguishing the jurisdictional concept of standing from Rule 17(a)). While Rule 17 does provide some exceptions, they are not applicable here. For example, though a guardian may properly stand in for a minor, Emilie is no longer a minor, and it is questionable whether Mr. Kraemer is even Emilie's guardian. *See* Fed. R. Civ. P. 17(c). Furthermore, all the rights Mr. Kraemer is attempting to assert belong to Emilie. All the actions or inactions alleged by Mr. Kraemer relate to his daughter, not to him. It is clear to the Court that based on the Amended Complaint, Emilie is the real party in interest, and the case was improperly brought in Mr. Kraemer's name.

---

issues.

Some Defendants further argue that because Emilie is the real party in interest, Mr. Kraemer does not have standing to bring this suit, and the case should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. While Defendants are correct that Mr. Kraemer is not properly in this case, as discussed above failure to satisfy Rule 17(a)'s requirements does not automatically strip the Court of jurisdiction. Here, Mr. Kraemer has alleged some injuries and requested some damages on his own behalf; for example, one remedy requested is that he be designated Emilie's guardian. (Amended Compl. at 13.) However, the rights he asserts in attempting to claim these remedies are clearly his daughter's rights. Therefore, though the Court maintains that the suit must be brought by the real party in interest, the Court finds that this does not strip the Court of subject matter jurisdiction over this matter.

Finally, Defendants are correct that, even if Plaintiff's pleading is interpreted as an attempt to bring the case in Emilie's name and act as his daughter's representative, it is well established that, while a representative or guardian may sue on behalf of a minor, a *pro se*, non-attorney parent may not represent a child in court in place of an attorney. *Osei-Afriyie v. Med. Coll. Of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991). This is an extension of the general premise that, while people may appear on behalf of themselves *pro se*, a person may not act as an attorney on behalf of others in federal court. 28 U.S.C. § 1654. Therefore, even if the action is interpreted as being brought on Emilie's behalf, or even if Emilie is joined as a party, she must be represented by an attorney or make the choice to represent herself *pro se*.

Based on these findings, the usual next step would be for the Court to allow the real party in interest to be substituted for Mr. Kraemer. *See* Rule 17(a)(3). However, for the reasons discussed below, even if Emilie Kraemer is substituted as Plaintiff, her claims will still fail. As such, the Court will simply interpret Plaintiff's Amended Complaint as if it had been brought by Emilie, and will continue to address Defendants' other arguments – in order to address the fact that substitution of Emilie would be unnecessary and futile. *See Savino v. Lloyds TSB Bank*, 499 F. Supp. 2d 306, 311 (W.D.N.Y. 2007) (dismissing complaint and denying opportunity to join real party in interest because doing so would be futile).

### B.   Eleventh Amendment Immunity

The following Defendants argue that they should be protected by Eleventh Amendment Immunity, at least as to claims against them in their official capacity: (1) Judge Koury, (2) Judge Giordano, (3) the Commonwealth of Pennsylvania, (4) Mr. Pacella, and (5) Mr. Casey. The Court agrees. When a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Judge Koury and Judge Giordano work for a state court entity, which is an arm of the Commonwealth of Pennsylvania, and they are therefore entitled to federal Eleventh Amendment immunity. *See Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3d Cir. 2005) (specifically holding that Pennsylvania's court entities are entitled to Eleventh Amendment immunity); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (Pennsylvania has not waived its Eleventh

Amendment immunity). Mr. Pacella and Mr. Casey also work for the Commonwealth of Pennsylvania. As such, Plaintiff's claims against Judge Koury, Judge Giordano, Mr. Pacella, and Mr. Casey in their official capacities, and all claims against the Commonwealth of Pennsylvania, must be dismissed.

### C.    Judicial Immunity

The following Defendants argue that they are protected by the doctrine of absolute judicial immunity: (1) Judge Koury, (2) Judge Giordano, (3) Judge Pratter, (4) Judge Rice, (5) Ms. Moore, and (6) Ms. Romberger. The Court agrees. A judge is immune from liability for all acts taken in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Since Plaintiff's claims against these Defendants all arise out of their judicial actions, all of Plaintiff's claims against these Defendants in their individual capacity are barred. Furthermore, Defendants Moore and Romberger, Emilie's guardians *ad litem* appointed to execute the 2007 Settlement Agreement, are also covered by this protection, as it extends to court-appointed officers designated to execute a judicial order. *See Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. Neb. 1993) ("Courts have consistently held that officials acting pursuant to a facially valid court order have a quasi-judicial absolute immunity from damages for actions taken to execute that order.") Therefore, since Plaintiff's claims against Ms. Moore and Ms. Romberger arise out of actions taken related to executing the 2007 Settlement Agreement, Plaintiff's claims against Ms. Moore and Ms. Romberger are also barred. Thus, Plaintiff's claims against these six Defendants must be dismissed.

### D.     2007 Settlement Waiver

In requesting dismissal of Plaintiff's Amended Complaint, the School District Defendants point to language in the 2007 Settlement Agreement stating that all claims against any Easton Area School District officials, employees, or entities are barred. By signing the 2007 Settlement Agreement, Plaintiff, in his own right and on behalf of his daughter, agreed to waive all rights and claims against the "District's officers, directors, employees, and agents" through August 26, 2007. (School District Defs.' Moving Br., Docket Entry No. 67, Ex. B.) While Plaintiff claims in his opposition that he did not agree to this waiver "knowingly and voluntarily," he does not provide any factual support other than his claim that Judge Rice "told plaintiff that he would be able to sue later if additional facts came to light." (Pl.'s Opp. Br. at 16.) He has provided no factual support to show that he did not realize he was signing a Settlement Agreement – whereby he received $255,000 for his daughter's education in exchange for releasing the School District of all claims. Therefore, the Court finds that Plaintiff is bound by the 2007 Settlement Agreement. Thus, since Plaintiff's Section 1983 claims against the Easton Area School District officials (John Merlo, Donna Hummer, Sandra Fleming, Melinda Mason, Maggie Daraghy, Raylene Williams, Irene Panto, and Susan Bolash) are based on or rely on events that occurred prior to August 26, 2007, the claims against these Defendants must be dismissed.

### E.     42 U.S.C. §§ 1983, 1985 Claims

Defendants further argue that Plaintiff has simply failed to state a claim under

either Section 1983 or Section 1985. To establish a Section 1983 claim, Plaintiff must "demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In order to state a violation of 42 U.S.C. §1985, Plaintiff must allege "(1) a conspiracy (2) for the purpose of depriving any person or class of person of equal protection of the laws or equal privileges and immunities; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v, City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citing *United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049, 1054 (1983)).

Plaintiff's first stumbling block in stating a claim is showing that Defendants were "acting under the color of state law" pursuant to Section 1983. The following Defendants argue that they are not state actors as none of their relevant actions were taken "under the color of state law," and therefore cannot be held liable under Section 1983: (1) Mrs. Roddick, (2) Mrs. Kapo, (3) Dr. Koger, (4) Mrs. Crosson, (5) Mrs. Fontno, (6) Mr. Fontno, (7) Mr. DeRaymond, (8) Mrs. Donaldson, (9) Mr. Pepper, (10) The Arc, and (11) The Arc of Pennsylvania. The Court agrees, and these claims must be dismissed as these Defendants are not state actors subject to Section 1983.

Plaintiff's second problem is the statute of limitations applicable to Section 1983 claims, which has been interpreted by the Third Circuit to be the same as the state law

statute of limitations for tort claims. *Bougher v. University of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989). Therefore, Pennsylvania's two-year statute of limitations applicable to personal injury actions applies to Plaintiff's Section 1983 claims. *Id.* Since Plaintiff filed the instant lawsuit on September 21, 2010, any claims based on events prior to September 21, 2008 are time-barred. Almost all the allegations of abuse forming the basis of Plaintiff's Section 1983 claim are from before 2008, and they date as far back as 1995. As such, the Court finds that any claims based on events prior to September 21, 2008, must be dismissed.

Plaintiff's third issue is that he has not alleged any violation of rights protected by "the Constitution or laws of the United States" – instead, he points to alleged federal rights that do not necessarily exist, such as the right to an "education in a safe environment free from abuse." (Amended Compl. ¶ 88.) He also seems to attempt to claim due process violations and trust mismanagement, and he then refers generally in his Opposition Brief to the Eighth Amendment and Fourteenth Amendment. These allegations fail to state a claim under Section 1983.

First, the state has no affirmative obligation to protect people from injuries caused by private individuals except when a "special relationship" is present – which is limited to custodial relationships when a person is incarcerated, institutionalized, or subject to some other similar restraint of personal freedom. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989). Thus, there is no affirmative federal duty of school officials to provide "adequate protection," as there is when a person is taken into state

custody against their will. *Fialkowski v. Greenwich Home for Children, Inc.*, 921 F.2d 459, 466 (3d Cir. 1991). As such, none of the Defendants had any federally-created duty to either report or protect Emilie from such abuse. Furthermore, Plaintiff fails to point to any concrete allegations regarding any other due process violations. Instead, he simply makes accusations regarding "trust mismanagement" and "conflicts of interest" that did not actually affect the process of his obtaining the 2007 Settlement Agreement. Without showing that these allegations actually led to a due process violation, these are simply state law claims. As such, Plaintiff has failed to plead any violation of Emilie's federal rights.

Finally, as to his Section 1985 claim, though Plaintiff alleges repeatedly that Defendants were acting "in concert," he does not actually allege facts to support the existence of any such agreement, as required under Section 1985. *See Gordon v. Lowell*, 95 F. Supp. 2d 264, 270 (E.D. Pa. 2000) ("An allegation of conspiracy is insufficient to sustain a cause of action under 42 U.S.C. § 1985; it is not enough to use the term 'conspiracy' without setting forth supporting facts that tend to show an unlawful agreement."). For all the reasons stated, Plaintiff has failed to state a Section 1983 or Section 1985 claim, and such claims are dismissed as to all Defendants.

### F.    State Law Claims

Though unclear due to the way Plaintiff has structured his complaint, it appears that in addition to the federal Section 1983 and 1985 claims, Plaintiff also alleges state causes of action for misappropriation, conversion, breach of fiduciary duty, "conflict of

interest," and failure to report abuse as required under a Pennsylvania statute. As correctly identified by Defendants, these state law claims present a variety of problems. First, some of the claims are not really true state law claims at all, but seem to be just a laundry list of complaints Plaintiff has, with no clear state law rights identified. Other claims, like his claim under a Pennsylvania statute requiring teachers to report suspected abuse of their students, or any of the claims regarding mishandling of the Trust funds, apply to very few of the defendants. Furthermore, some of the defendants are not even directly mentioned at all in Plaintiff's claims. Finally, his claims regarding the alleged mishandling of Emilie's Educational Trust appear to be based on a misinterpretation of an unrelated federal tax return by ARC Community Trust, and an affidavit submitted by the ARC Community Trust clearly shows that all of Emilie's Trust disbursements have been legitimate. (See Reply Br. #2, Ex. A.) As such, there are many potential reasons for dismissal of Plaintiff's state law claims. However, the Court need not rule on these issues, as the Court will instead dismiss all state law claims for lack of subject matter jurisdiction.

Since the Court has found that Emilie must be substituted as the real party in interest in this action, and since she and nearly every Defendant are all citizens of Pennsylvania, the Court has no basis to exercise diversity jurisdiction over these claims. 28 U.S.C. § 1332. Though this Court does have federal question jurisdiction over the Section 1983 and Section 1985 claims pursuant to 28 U.S.C. § 1331, and though the Court could therefore exercise supplemental jurisdiction over these related state law

claims, Courts are encouraged to decline to exercise supplemental jurisdiction where all claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c); *Mine Worker v. Gibbs*, 383 U.S. 715 (1966). Therefore, the Court denies supplemental jurisdiction regarding any remaining state-law claims, and dismisses any such remaining claims for lack of subject matter jurisdiction.

### G.    Dismissal with Prejudice

As already discussed above, the Court notes that where a case is not brought by the real party in interest, Courts generally allow substitution of the proper party before dismissing the case outright. *See* Fed. R. Civ. P. 17(c). However, substituting Emilie as the correct plaintiff would be futile, as the Amended Complaint fails for the plethora of reasons discussed above. Though the Court is mindful that Plaintiff has brought this case *pro se*, and that courts must be "as flexible as possible when administering claims brought by *pro se* litigants," this Court still has a responsibility "to ensure that their limited resources are allocated in a way that promotes the interests of justice." *Hackney v. Sands Hotel & Casino*, Civ. No. 92-0421, 1992 WL 97335, at *2 (E.D. Pa. Apr. 28, 1992). Here, Plaintiff has sued over forty separate Defendants, including judges, teachers, court-appointed guardians, lawyers, and essentially anyone who has been involved in assisting with his daughter's education and Educational Trust fund. Furthermore, many of Plaintiff's claims arise out of actions that were already settled in federal court as part of the 2007 Settlement Agreement. Since the claims brought by Plaintiff fail for a variety of reasons that cannot be remedied, and because the Court

wants to avoid these issues from being frivolously relitigated when they have already been decided, Plaintiff's Amended Complaint is dismissed with prejudice.

## III. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice as to all Defendants. Accordingly, Plaintiff's outstanding motions for injunctive relief are **DENIED** as moot. An Order accompanies this Opinion.

William J. Martini, U.S.D.J.

Date: September 12, 2011