UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KRAEMER, on behalf of Emilie Kraemer, | Civil No. 10-4868 (WJM) |
| Plaintiff, | OPINION |
| v. | HON. WILLIAM J. MARTINI |
| COMMONWEALTH OF PENNSYLVANIA, et al., | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on *pro se* Plaintiff Thomas Kraemer's motion for reconsideration of the Court's September 12, 2011, Order pursuant to Local Rule 7.1(g) of Civil Procedure for the Eastern District of Pennsylvania. For the reasons that follow, Plaintiff's motion will be **DENIED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

For purposes of this reconsideration motion, the relevant facts are as follows: Plaintiff Thomas Kraemer, appearing *pro se*, initiated this action on behalf of his adult daughter, Emilie Kraemer, by filing a complaint on September 21, 2010. Without leave of court or the parties consent, Plaintiff filed an Amended Complaint on December 14, 2010, naming approximately 46 different Defendants. As explained in the Court's September 12, 2011 Opinion:

> The issues in this case all started on or around August 11, 2006, when Plaintiff, individually and on behalf of his then-17-year-old daughter Emilie, filed suit against the

> Easton Area School District under IDEA. (Civil Action No. 06-3492). Through this Complaint (the "2006 Complaint"), Plaintiff sought enforcement of an order issued by the Special Education Appeals Panel, and brought additional claims of discrimination against the District. In October 2007, the dispute was settled, and Plaintiff and the School District entered into a settlement agreement (the "2007 Settlement") establishing an educational trust for Emilie. The Court also appointed an educational guardian for Emilie who also served as trustee of the Educational Trust.
>
> Over two years have gone by since then, and it seems Mr. Kraemer is not happy with how his now-21 year old daughter's life is being handled. He believes that though, he claims, Emilie was originally diagnosed as having Asperger's Syndrome, a conspiracy made up of some of the defendants changed her diagnosis to mental retardation in order to funnel money to private organizations that specialize in the treatment of such individuals. (Am. Compl. 74-86). He also believes, based on his reading of certain tax forms, that the Educational Trust set up for Emilie has been completely depleted. Finally, he points to signs of suspected abuse of Emilie, from 1995 through 2007, that he feels have been ignored.
>
> Emilie has had multiple court-appointed guardians, has been seen by multiple doctors, has attended programs for special needs, but regardless of all of this, Mr. Kraemer feels as if all involved are attempting to undermine Emilie's best interests. Essentially, he is suing everyone involved with the original 2006 Complaint and 2007 Settlement, everyone involved with Emilie's educational development, everyone involved with the handling of Emilie's Educational Trust, and any and all guardians, lawyers and judges who have been involved in the process. Defendants have filed the instant 18 motions to dismiss Plaintiff's Amended Complaint.

(Sept. 12 Op. 2-3, ECF No. 122.)

On September 12, 2011, the Court granted Defendants' motions and signed an Order dismissing Plaintiff's Amended Complaint in its entirety with prejudice. In the accompanying Opinion, the Court explained why dismissal as to all defendants was proper based on a variety of reasons, including Plaintiff's lack of standing and/or lack of authority to bring this action *pro se* "on behalf of" his adult daughter; Eleventh Amendment immunity; judicial immunity; waiver of claims against the Easton Area School District; failure to state a claim under 42 U.S.C. §§ 1983 or 1985; lack of subject

2

matter jurisdiction over the state law claims once the §§ 1983 and 1985 claims were dismissed; and failure to state a claim under state law.

The Order and Opinion were electronically docketed on September 15, 2011. Since that entry, Mr. Kraemer has submitted at least 14 additional filings to the Court. The first two filings subsequent to the Order and Opinion - namely Mr. Kraemer's "Motion to Dismiss parallel and companion hearing in the Court of Northampton County" (ECF No. 124) and "Motion to Stay" (ECF No. 125) - were also filed on September 15, 2011. However, Plaintiff's motion to reconsider (at ECF No. 132) was not filed until October 5, 2011. *See* Pl.'s Oct. 8, 2011 Letter "In Support of the Motion to Reconsider Filed on 10/6/2011." (ECF No. 133.)

The basis of Plaintiff's motion for reconsideration is that Emilie's diagnosis of Pervasive Developmental Disorder, Not Otherwise Specified ("PDD NOS"), as referenced in the 2006 federal proceeding, was discontinued several months before the filing of the federal action and that this change would have impacted the underlying Due Process hearing which would have impacted settlement of the 2006 federal litigation. Plaintiff claims that "[h]ad the removal of that diagnosis [PDD NOS] made its way into federal court filings, it would have been raised as a significant issue in federal court because that diagnosis was established and integral to the 2005-2006 Due Process Hearings . . . " (Letter in Supp. of Mot. To Recons., ECF No. 133.)

3

## II. LEGAL ANALYSIS

### i. Plaintiff's Motion for Reconsideration is Untimely

Local Rule 7.1(g) requires that: "Motions for reconsideration . . . shall be served and filed within fourteen (14) days after the entry of judgment, order, or decree concerned." Accordingly, Mr. Kraemer's October 5, 2011 motion for reconsideration, filed twenty-one days after the Court's Order was docketed on September 15, 2011, is untimely. Furthermore, the time period for motion for reconsideration after entry of judgment is jurisdictional and cannot be judicially extended. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870 (3d. Cir. 1994). Therefore, Plaintiff's motion for reconsideration will be denied as untimely. *Albright v. Virtue*, 273 F.3d 564, 570 (3d Cir. 2001).

### ii. Even if the Motion was Timely, Plaintiff's Fails to Present A Valid Ground for Reconsideration

Assuming *arguendo* that Mr. Kraemer's motion was timely, his papers still fail to set forth a proper ground for reconsideration. At the outset, the Court notes that motions for reconsideration should be granted sparingly because of the federal courts' strong interest in the finality of judgments. *Cont'l Gas Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). The grounds for granting such motions are: (1) discovery of evidence unavailable at the time of the previous motion; (2) an intervening change in controlling law; or (3) the need to correct an error of law or to prevent a manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To show that the Court committed "a clear error of law or fact" or

4

that "manifest injustice" has resulted, "the moving party must base its motion on arguments that have been previously raised but overlooked by the Court." *Holsworth v. Berg*, C.A. No. 05-1116, 2005 WL 1799409, at *3 (E.D. Pa. July 26, 2005). *See Max's Seafood*, 176 F.3d 669; *U.S. v. Jasin*, 292 F.Supp.2d 670, 676 (E.D. Pa.2003).

Plaintiff's motion for reconsideration is not based on newly discovered evidence as Plaintiff acknowledges that he was aware of the alleged discontinuance of the diagnosis of PDD NOS several years before he filed the instant federal action. Nor does Plaintiff assert that there has been an intervening change in controlling law. Instead, Plaintiff's motion raises an additional and new issue that he acknowledges he was aware of when he filed his Complaint and Amended Complaint but neglected to make prior to dismissal. *See Jasin*, 292 F.Supp.2d at 677 (a motion for reconsideration should not raise additional arguments that the movant "could have made but neglected to make prior to judgment.")

Plaintiff also fails to explain why discontinuance of the PDD NOS diagnosis would have made a difference in this Court's decision to dismiss the Amended Complaint. He does not explain why such evidence would have in any way affected the numerous grounds supporting dismissal with prejudice, including: Plaintiff's lack of standing and/or lack of authority to bring this action *pro se* "on behalf of" his adult daughter; Eleventh Amendment immunity; judicial immunity; waiver of claims against the Easton Area School District; failure to state a claim under 42 U.S.C. §§ 1983 or 1985; lack of subject matter jurisdiction over the state law claims once the §§ 1983 and 1985 claims were dismissed; and failure to state a claim under state law.

In short, Mr. Kramer does not claim there has been discovery of evidence that was unavailable at the time of defendants' motions to dismiss, an intervening change in controlling law or the need to correct an error of law or to prevent a manifest injustice or that the Court overlooked an issue raised earlier.  Accordingly, even if Plaintiff's motion for reconsideration of the Court's September 12 Order was timely filed, it would still fail on the merits.

III. **CONCLUSION**

As explained above, Mr. Kramer's motion for reconsideration is **DENIED**.  An appropriate order follows.

s/ William J. Martini
**William J. Martini, U.S.D.J.**